

## Valli Kane & Vagnini
### Attorneys at Law

600 Old Country Road  
Suite 519  
Garden City, NY 11530

Tel: 516-203-7180  
Fax: 516-706-0248  
www.vkvlawyers.com

October 14, 2009

**VIA ECF & U.S. MAIL**

The Honorable Nicholas G. Garaufis  
United States District Court  
Eastern District of New York  
United States Courthouse  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    **Dario Estrella et al. v. Coqui Check Cashing, Inc. et al.**  
             **08 CV 5177 (NGG)(SG)**

Dear Judge Garaufis:

      We are attorneys for Plaintiffs in above-referenced case. We respectfully request to make a motion for conditional certification of the wage and hour class identified in Plaintiffs' Complaint. As this motion is not a dispositive motion, we do not believe a pre-motion conference is required; however, we wanted to apprise Your Honor of our intent and the basis for the motion we seek to make.

      Plaintiffs seek to make a motion for conditional certification based on the following reasons:

1. Plaintiffs seek to bring this suit pursuant to 29 U.S.C. § 216(b) on their own behalf as well as those in the following class:

    > Current and former employees of Defendants who worked as check cashers and/or cashiers or similar positions who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of 40 hours in a given work week ("FLSA Plaintiffs").

2. Plaintiffs are similarly situated to all such individuals because while employed by Defendants they and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid

the same or similar rate, were required to work in excess of forty hours per workweek, and were not paid the required 1.5 times their respective regular rates of pay for overtime worked.

3. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of forty hours per workweek without overtime compensation. Plaintiffs and FLSA Plaintiffs work and/or worked for Defendants in their places of business in eight or twelve hour shifts which often were extended under the approval of management. They were regularly scheduled in excess of five shifts per week of eight hours per shift and thus were specifically scheduled to work more than forty hours per work week, yet Defendants did not pay them the statutorily required overtime compensation.

4. Defendants are and have been aware of the requirement to pay Plaintiffs and FLSA Plaintiffs for overtime work, yet purposefully chose not to. Their knowledge can be insinuated by the FLSA posters which have been posted in some but not all of Defendants' places of business.

5. All Defendants are owned and operated by the same few individuals and as such act as a single entity.

Although Defendants have currently filed a combined motion to dismiss and partial summary judgment motion, we do not feel that at this point in the litigation the Defendants will prevail without further discovery. As such, Plaintiffs should be allowed to make a motion for conditional certification and move forward with the case. Based on the foregoing reasons, Plaintiffs respectfully request permission to make a motion for conditional certification. If Your Honor would prefer to hold a pre-motion conference before Plaintiffs make the motion for conditional certification, we would like to schedule that conference as soon as practicable for the Court.

Respectfully submitted,

VALLI KANE & VAGNINI, LLP

James A. Vagnini
Jesse C. Rose

cc: Daniel Braverman
   Michael J. Gabrielli