# BRAVERMAN, PLLC
19 WEST 44TH STREET, SUITE 1500
NEW YORK, NEW YORK  10036
212.233.2910 DIR
646.385.7549 FAX

WRITER'S DIRECT DIAL:

DAVIN P. CELLURA
OF COUNSEL
212.233.2910
dcellura@bravelaw.com

February 23, 2010

BY ELECTRONIC FILING

| | |
|---|---|
| The Honorable Nicholas G. Garaufis | The Honorable Steven M. Gold |
| United States District Judge | Chief United States Magistrate Judge |
| United States District Court | United States District Court |
| Eastern District Of New York | Eastern District Of New York |
| United States Courthouse | United States Courthouse |
| 225 Cadman Plaza East | 225 Cadman Plaza East |
| Brooklyn, New York  11201 | Brooklyn, New York  11201 |

Re: Dario Estrella et al. v. Coqui Check Cashing, Inc. et al.
08 CV 5177 (NGG)(SG)

Greetings:

Our law firm is counsel to Defendants Coqui Check Cashing Corp., J.C.G. Check Cashing Corp. and Jose Guzman (collectively, "Defendants") in the above-referenced action. We write regarding Plaintiffs' Motion For Conditional Certification and supporting documents, which was e-filed on February 18, 2010 (the "Certification Motion"). Presently pending before the Court is Defendants' Motion To Dismiss And/Or For Partial Summary Judgment, which was fully brief and filed in November 2009 (the "Dispositive Motion"). For the reasons discussed below, Defendants respectfully request that the Court strike the Certification Motion or, in the alternative, hold the Certification Motion in abeyance during the pendency of the Dispositive Motion. Given that this is now Plaintiffs' <u>third</u> bite at the conditional certification apple, and Defendants have been forced to bear the economic brunt of Plaintiffs' repeated efforts to revisit this issue, Defendants further seek sanctions and an award against Plaintiffs for the attorneys' fees and costs that Defendants have incurred as a result.

Most critically, Plaintiffs' filing of the Certification Motion before the Dispositive Motion is decided contravenes the instructions of Chief Magistrate Judge Steven M. Gold at the parties' May 19, 2009 initial conference. In this respect, only days before the May 19 initial conference, Plaintiffs' counsel notified Chief Magistrate Judge Gold, in a May 15, 2009 letter, of its intent to file a motion for conditional certification. At the initial conference, Chief Magistrate Judge Gold determined that both the then-contemplated motion for conditional certification and

**BRAVERMAN, PLLC**

The Honorable Nicholas G. Garaufis
The Honorable Steven M. Gold
February 23, 2010
Page -2-

discovery would be held in abeyance. Indeed, one of the key reasons that Chief Magistrate Judge Gold cited at the May 19 initial conference as the basis for holding such matters in abeyance was the Defendants' relative small size and limited resources.[1]

Months later, Plaintiffs attempted to revisit their desire to file a motion for conditional certification in an October 14, 2009 letter to District Judge Garaufis, as well as subsequent correspondence directed to both District Judge Garaufis and Chief Magistrate Judge Gold. At that time, Plaintiffs specifically sought permission from the Court to file a motion for conditional certification and predicated their request for leave on their stated opinion that such a conditional certification motion should be permitted because, among other things, they "do not feel at this point in the litigation the Defendants will prevail" on the Dispositive Motion. Defendants' moving and reply papers speak for themselves, but Plaintiffs' suggestion that the Dispositive Motion somehow was unwarranted is completely belied by, among other things, Plaintiffs' forced, last-minute withdrawal of multiple counts and/or claims, as well as their admission that they are seeking "improper relief" in their complaint and amended complaint. Indeed, and regardless of Plaintiffs' subjective views of this case, the Court did <u>not</u> grant the permission sought by Plaintiffs to file the Certification Motion in their overtures in October 2009.

In addition, the pendency of the Dispositive Motion further supports Defendants' position that the Certification Motion should be stricken and/or held in abeyance until a decision on the Dispositive Motion is rendered. Defendants are small, independently-owned businesses and/or individuals with limited resources and, with leave of the Court, have committed substantial resources to seeking dismissal of claims asserted against them. Indeed, based on multiple and varying legal principles set forth in their Dispositive Motion, Defendants are seeking dismissal of all claims against them under the Fair Labor Standards Act ("FLSA"), pursuant to which Plaintiffs are also now seeking conditional certification. Given the clear overlap of issues in the Dispositive Motion and Certification Motion, the outcome of the Dispositive Motion may dispense with the need to address the Certification Motion altogether or, in the least, significantly affect the scope of the FLSA-based issues raised therein.

Despite the compelling reasons to postpone dealing with conditional certification issues until the Dispositive Motion is decided, Plaintiffs would have Defendants unnecessarily expend their diminishing financial resources and have the Court divert valuable judicial resources to address matters that may be eliminated or substantially altered by the outcome of the Dispositive Motion. Such waste should not be countenanced.

---

[1] Plaintiffs' counsel has "contested" Defendants' previously stated position that Chief Magistrate Judge Gold instructed the parties, among other things, that conditional certification issues would be held in abeyance. Defendants' discussion regarding the May 19 initial conference comports with the recollection and notes of defense counsel in attendance at the initial conference. Defendants also respectfully defer to Chief Magistrate Judge Gold's position with respect to his instructions at, and the outcome of, the May 19 initial conference.

**BRAVERMAN, PLLC**

The Honorable Nicholas G. Garaufis
The Honorable Steven M. Gold
February 23, 2010
Page -3-

      Please also note that prior to sending this letter, defense counsel telephoned Plaintiffs' attorneys to ascertain whether, unbeknownst to us, Plaintiffs had received permission from the Court in connection with their prior request to file the Certification Motion. They confirmed that no such permission was granted, and further refused to withdraw, or hold in abeyance, the Certification Motion until a decision was rendered on the Dispositive Motion.

      For the foregoing reasons, Defendants respectfully request that the Court strike the Certification Motion or, in the alternative, hold the Certification Motion in abeyance until the Dispositive Motion is decided. In addition, and in light of the fact that Defendants have been forced again to address the above conditional certification issues, Defendants respectfully request an award of the attorneys' fees and costs that Defendants have incurred in responding to Plaintiff's repeated efforts to contravene the Court's prior instructions, as well as their attempt to proceed in a manner not countenanced by the Court by filing the Certification Motion despite the fact that Plaintiffs' previously sought, **but did _not_ receive**, permission from the Court to file such motion.

      We thank the Court very much for its consideration and continued guidance in this matter.

                                                                   Respectfully submitted,

                                                                   Davin P. Cellura

cc:     James A. Vagnini, Esq. (by ecf)
         Michael J. Gabrielli, Esq. (by ecf)
         Daniel S. Braverman, Esq.