UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
DARIO ESTRELLA and FELIX ANTONIO URBAN ABREU, on behalf of themselves and all others similarly situated,

                           Plaintiffs,

     -against-

COQUI CHECK CASHING, INC., JCG CHECK CASHING, INC., LIE CHECK CASHING CORP., and JOSE GUZMAN,

                           Defendants.
---------------------------------------------------------------------- x

ORDER
08-CV-5177 (NGG)

GOLD, STEVEN M., U.S.M.J.:

By Order dated May 4, 2010, the Honorable Nicholas G. Garaufis referred defendants' motion to dismiss and/or for partial summary judgment, Docket Entry 32, to me to report and recommend. Docket Entry 41. The court will hear oral argument on the motion on **June 16, 2010 at 10:00 a.m.** At the oral argument, counsel shall of course be fully familiar with the factual allegations and legal arguments raised in the parties' submissions and the plaintiffs' amended complaint. In particular, the parties shall be prepared to address, *inter alia*, the following issues:

- If this court finds that any of the claims should be dismissed for failing to state a claim, whether plaintiffs should be granted leave to file a second amended complaint;

- Whether plaintiffs have, or if allowed to re-plead whether they could, sufficiently plead the necessary factual allegations to establish Coqui's liability under FLSA in light of defendant Coqui's submission of its tax returns and the complaint's apparent failure to plead that Estrella engaged in interstate commerce;

- In light of plaintiffs' evidence that it has now served the state attorney general as required by New York Labor Law § 215(2), Docket Entry 32-14 at 27, whether plaintiffs should be granted leave to amend to re-plead their state law retaliation claim;

- Whether plaintiffs' complaint, and in particular paragraphs twenty through twenty-three, sufficiently alleges Rule 23's numerosity requirement, in light of the Supreme Court's pronouncements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 560-63

(2007), and *Ashcroft v. Iqbal*, _ U.S. _, _, 129 S. Ct. 1937, 1949-50 (2009), that conclusory assertions are not entitled to a presumption of truth and are generally deemed insufficient factual pleadings;

- Whether plaintiffs' third cause of action should be dismissed because there is no private right of action under New York Labor Law § 162, *see Browne v. IHOP*, 2005 WL 1889799, at *1 (E.D.N.Y. Aug. 9, 2005) (collecting cases for the proposition that there is no private right of action under § 162); *McElroy v. City of New York*, 50 Misc. 2d 223, 225 (Sup. Ct., Kings Co. 1966);

- Considering the following authorities, whether N.Y. C.P.L.R. 901(b) precludes N.Y. Labor Law claims from being brought as class actions, *Jacobs v. Macy's East, Inc.*, 17 A.D.3d 318, 320 (2d Dep't 2005); *Pesantez v. Boyle Environmental Servs., Inc.*, 251 A.D.2d 11, 12 (1st Dep't 1998) ("To the extent certain individuals may wish to pursue punitive claims pursuant to Labor Law § 198(1-a), which cannot be maintained in a class action (CPLR 901[b]), they may opt out of the class action."); *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *5 (E.D.N.Y. Oct. 11, 2007); *Mascol v. E & L Transp., Inc.*, 2005 WL 1541045, at *8 (E.D.N.Y. June 29, 2005); *Smellie v. Mount Sinai Hosp.*, 2004 WL 2725124, at *5 (S.D.N.Y. Nov. 29, 2004); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 341 & n.84 (S.D.N.Y. 2004); *Asoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 95 (S.D.N.Y. 2001);

- Whether plaintiffs can establish, or have a good faith basis to allege, that defendants are joint employers in light of the Colasuonno affirmation indicating that defendant "Guzman has never had any ownership rights, as a shareholder or otherwise, in Coqui," Docket Entry 32-10 ¶ 3;

- To the extent that plaintiffs contend discovery is needed pursuant to Rule 56(f) to oppose defendants' motion for partial summary judgment, what specific additional discovery is needed and what schedule may be set for completing it.

SO ORDERED.

Dated:   Brooklyn, New York
         May 19, 2010

_____s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\eoc 2010\estrella order.docx*