# BRAVERMAN, PLLC
19 WEST 44TH STREET, SUITE 1500
NEW YORK, NEW YORK  10036
212.233.2910 DIR
646.385.7549 FAX

WRITER'S DIRECT DIAL:

DANIEL S. BRAVERMAN
212.233.2910
dbraverman@bravelaw.com

June 18, 2010

BY ECF
The Honorable Steven M. Gold
Chief United States Magistrate Judge
United States District Court
Eastern District Of New York
United States Courthouse
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York  11201

Re:   Dario Estrella et al. v. Coqui Check Cashing, Inc. et al.
      08 CV 5177 (NGG)(SG)

Dear Chief Magistrate Judge Gold:

Our law firm is counsel to Defendants Coqui Check Cashing Corp., J.C.G. Check Cashing Corp. and Jose Guzman in the above-referenced action.  We respectfully write in response to the June 16, 2010 letter submitted by Plaintiffs' counsel concerning the New York Labor Law retaliation claim that the Court recognized should be dismissed.

There are multiple, alternate bases for the dismissal with prejudice of the retaliation claim, but for the sake of brevity we will not reiterate those arguments or the others raised by us at the Conference held before the Court on June 16 and in Defendants' motion papers.  If the Court would like us to respond any further we will, of course, promptly do so.

One issue, which ran throughout our papers and in our arguments at the June 16 Conference, must, we believe, be addressed briefly.  In their June 16 letter, Plaintiffs now <u>claim</u> that they sought leave from the Court to file a late notice of claim concerning their retaliation claim.  Such a claim, like so many other statements and suggestions previously made by Plaintiffs, is not true; and Plaintiffs' post-hoc suggestion that they sought "leave to file the late notice of claim" is categorically belied by the fact that they did not await such leave from the Court before issuing the defective notice.

In reality, Plaintiffs merely sought in their opposition papers to avoid dismissal of the state retaliation claim – for their admitted failure to comply with the statutory prerequisites to bringing such claim – by simply stating, without more, that "Plaintiff <u>***can***</u> move to either amend

**BRAVERMAN, PLLC**

The Honorable Steven M. Gold
June 18, 2010
Page -2-

the complaint to reflect the notice of claim having been submitted [untimely] or withdraw and commence another action." Plaintiffs' October 9, 2009 Opposition Brief at pp. 10-11 (emphasis added). They did neither, and now the statute of limitations on the retaliation claim has expired. In short, and as the Court recognized, the claim must be dismissed. See also Crossland v. City Of New York, 140 F. Supp. 2d 300, 312 (S.D.N.Y. 2001) (dismissing retaliation claim because plaintiff failed to notify New York State Attorney General, as required under N.Y. Lab. Law § 215(2)).

Furthermore, Plaintiffs should not be permitted to revive their time-barred, and otherwise deficient, Sixth Cause of Action by misplacing their reliance on case law (and the statutory scheme addressed in such authority) that is completely inapposite and inapplicable to the instant matter.

Thank you again very much for Your Honor's consideration in this matter.

Respectfully submitted,

Daniel S. Braverman

cc:   James A. Vagnini, Esq. (by ecf)
      Michael J. Gabrielli, Esq. (by ecf)
      Davin P. Cellura, Esq.