UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DARIO ESTRELLA and FELIX ANTONIO URBAN :
ABREU, on behalf of themselves and all others similarly : SUPPLEMENTAL REPORT &
situated, : RECOMMENDATION
: 08-CV-5177 (NGG)
                               Plaintiffs, :
:
     -against- :
:
COQUI CHECK CASHING, INC., JCG CHECK :
CASHING, INC., LIE CHECK CASHING CORP., and :
JOSE GUZMAN, :
:
                               Defendants. :
------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

       On June 16, 2010, after hearing oral argument, I issued a Report recommending that defendants' motion to dismiss be denied and that plaintiffs be granted leave to amend their complaint.[1] Docket Entries 43, 47. One aspect of defendant's motion not addressed by my Report is whether Estrella may pursue his retaliation claim pursuant to New York Labor Law § 215(2) in the amended complaint, in light of his failure to serve prior notice upon the attorney general. The parties have submitted supplemental briefing on the issue. Docket Entries 44, 45. For the reasons that follow, I respectfully recommend that Estrella be permitted to include his § 215 retaliation claim in the amended complaint.

### Discussion

       Section 215 of New York State's Labor Law prohibits an employer from retaliating against an employee for exercising his rights, including his right to be paid as required by New York's minimum wage laws. N.Y. LABOR LAW § 215(1)(a). The statute, however, requires an employee to serve notice upon the state attorney general "[a]t or before the commencement of

---
[1] Defendants filed objections to my Report on July 6, 2010, Docket Entry 46, and plaintiffs submitted a response on July 9, 2010, Docket Entry 48.

any action." N.Y. LAB. LAW § 215(2). Plaintiffs' complaint fails to allege that the required notice was served before suit was filed, and in fact it was not. Plaintiffs served the required notice on or about September 24, 2009. Rose Aff. Ex. 4, Docket Entry 32-14 at 27-30.[2] Plaintiff Estrella filed the original complaint in this action on December 23, 2008. Docket Entry 1. The current plaintiffs, including Estrella, filed an amended complaint on June 15, 2009. Docket Entry 17. Section 215 provides for a two-year limitations period. N.Y. LABOR LAW § 215(2). Estrella was terminated on May 15, 2008. Defs. R.56.1 Statement ¶ 9, Docket Entry 32-1. Thus, although the limitations period governing Estrella's retaliation claim had not run when Estrella served notice on the attorney general in September of 2009, it has since expired. Defendants contend that, because both the original and amended complaints were filed before notice was served on the attorney general, neither states a viable retaliation claim. Defendants further contend that Estrella may not file a proper retaliation claim now, despite having served the attorney general, because the limitations period has expired.

The only case that addresses the notice requirement of § 215 appears to be *Crosland v. City of New York*, 140 F. Supp. 2d 300, 312 (S.D.N.Y. 2001). *Crosland*, however, does not provide any guidance about whether service of the notice is a condition precedent to suit. In *Crosland*, the court dismissed plaintiffs' labor law claims because they were time-barred, because the allegations supporting them were conclusory, *and* because plaintiffs had not served notice on the attorney general even by the time of the court's decision. Thus, it is impossible to say whether plaintiffs' § 215 claim in *Crosland* would have been dismissed *solely* for failure to give notice, or if notice had been made within the limitations period but after the filing of the complaint.

---

[2] The page numbers of the docket entries cited in the text refer to the page numbers imposed by ECF, which are not necessarily the same as the page numbers already on the documents when they are filed by the parties.

Plaintiffs rely on cases construing an analogous notice statute, § 50-*i* of the General Municipal Law, in which courts have permitted the filing of late notices. Pls. 6/16/10 Ltr, Docket Entry 44 (citing *Giblin v. Nassau County Med. Ctr.*, 61 N.Y.2d 67, 72 (1984) and *Doddy v. City of New York*, 45 A.D.3d 431 (1st Dep't 2007)); *see also* N.Y. GEN. MUN. LAW §§ 50-e, 50-*i* (prohibiting any action from being prosecuted or maintained against a city or municipal entity unless a notice of claim is served within ninety days of the underlying events). In *Giblin*, the Court of Appeals permitted a late filing of the required notice and held that the statute of limitations is tolled from the time when a plaintiff seeks leave to file a late notice of claim until the court rules on plaintiff's application. *See* 61 N.Y.2d at 72.

New York courts considering whether failure to provide statutorily-required notice is fatal to a claim have come out both ways. *Compare Bucalo v. E. Hampton Union Free Sch. Dist.*, 351 F. Supp. 2d 33, 36-37 (E.D.N.Y. 2005) (permitting a late notice of claim required by New York Education Law § 3813(1) where defendant was on actual notice of plaintiff's claim); *Westphal v. Catch Ball Prods. Corp.*, 953 F. Supp. 475, 481 (S.D.N.Y. 1997) (holding "that the giving of notice under Section 8-502(c) is not a condition precedent to the maintenance of an action under Title 8 of the New York City Administrative Code") *with Feacher v. Int'l Hotels Group*, 563 F. Supp. 2d 389, 407-08 (N.D.N.Y. 2008) (dismissing plaintiff's state civil rights claim for failure to give the notice required by New York Civil Rights Law); *Giaimo & Vreeburg v. Smith*, 192 A.D.2d 41, 45-46 (2d Dep't 1993) (affirming dismissal of same). However, the overwhelming majority of courts have found the notice provision § 8-502(c) of the New York City Administrative Code not to be a condition precedent to filing suit but merely a mechanism for providing notice, and have refused to dismiss claims based upon a failure to comply with this subdivision. *See*, *e.g.*, *Sales v. YM & YMHA of Washington Heights & Inwood*, 2003 WL

164276, at *8 (S.D.N.Y. Jan. 22, 2003); *Harrison v. Indosuez*, 6 F. Supp. 2d 224, 234 (S.D.N.Y. 1998); *Alvarez v. J.C. Penney Co., Inc.*, 1997 WL 104772, at *3 (E.D.N.Y. Feb. 14, 1997); *Teller v. Am. W. Airlines, Inc.*, 240 A.D.2d 727, (2d Dep't 1997); *Bernstein v. 1995 Assocs.*, 217 A.D.2d 512 (1st Dep't 1995); *but see McCormick v. Chase*, 2007 WL 2456444, at *2 (S.D.N.Y. Aug. 29, 2007) (directing plaintiff to provide proof of compliance with the provision upon pain of dismissal).

The New York Court of Appeals has reached a similar conclusion with respect to § 340 of the New York General Business Law. Section 340, like Labor Law § 215, requires notice to the attorney general at or before the time an antitrust claim is filed. *See Columbia Gas of New York, Inc. v. New York State Elec. & Gas Corp.*, 28 N.Y.2d 117 (1971). In *Columbia Gas*, the court held that "[t]he requirement that notice be given is designed solely to apprise the Attorney-General that such an action was commenced so that he would be aware of the circumstances" and "may not be considered a condition precedent to the plaintiff's cause of action." *Id.* at 129 (internal quotation marks and citation omitted).

I find the reasoning and analysis in *Bucalo* and *Columbia Gas* most compelling and conclude that failure to serve notice on the attorney general prior to filing suit is not fatal to a § 215 claim, at least where, as here, the statutorily required notice was served before the limitations period expired. As indicated above, Estrella served a notice on the attorney general in September of 2009, and plaintiffs pointed that out in their opposition to defendants' motion. At that time, as plaintiffs themselves suggested, they could have sought leave to amend or brought a new, timely action alleging service on the attorney general. Docket Entry 32-15 at 14-15. Finally, because the statute requires that the notice be served on the attorney general as opposed to on the defendants, defendants have suffered no prejudice as a result of plaintiffs'

4

failure to serve the notice before rather than during the lawsuit; to the contrary, defendants became aware of the nature of plaintiffs' claims well within the limitations period. I therefore respectfully recommend that, if plaintiffs are granted leave to amend their complaint, they be permitted to include the factual allegation that notice has been served pursuant to Labor Law § 215(2) and to assert a claim under that section.

## Conclusion

For all these reasons, I respectfully recommend permitting plaintiffs to amend their complaint in accordance with this Report. Any objections to this Report and Recommendation must be filed within fourteen days and in any event no later than August 9, 2010. Failure to file objections within the specified time waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

_____s/_____
Steven M. Gold
United States Magistrate Judge

July 21, 2010
Brooklyn, New York

*U:\eoc 2010\estrella\r&r supp.docx*