D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIO ESTRELLA, FELIX ANTONIO
ABREU,                                                                    **ORDER**

                         Plaintiffs,                      **08-CV-5177 (NGG) (SMG)**

     -against-

COQUI CHECK CASHING, INC., JCG
CHECK CASHING, INC., LIE CHECK
CASHING CORP., and JOSE GUZMAN,
                        Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

## I. BACKGROUND

Plaintiffs bring this putative collective and class action seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law, N.Y. Lab. Law § 190 et seq. On May 4, 2010, the court referred Defendants' motion to dismiss for failure to state a claim, lack of jurisdiction, "and/or" partial summary judgment to Chief Magistrate Judge Steven Gold for Report and Recommendation. (Motion (Docket Entry # 32); Referral Order (Docket Entry # 41).)

On June 16, 2010, Judge Gold held oral argument and issued a report recommending that the court (1) grant Plaintiffs leave to file a second amended complaint that takes into account the issues discussed at oral argument and (2) deny Defendants' Motion without prejudice to renew after Plaintiffs file an amended pleading. (See Report & Recommendation ("R&R") (Docket Entry # 43) 1-2.) Because discovery has been stayed pending Defendants' Motion, Judge Gold also granted Plaintiffs leave to take limited discovery focused on the issues raised at oral argument. (Id.; Oral Argument Transcript ("Tr.") 3.)

1

At oral argument, the parties discussed, inter alia, two possible bases, not pleaded in Plaintiffs' operative complaint, on which Defendants' challenged conduct might fall within the scope of the FLSA: (1) Plaintiffs interacted with nationwide banks in the course of their employment and (2) Defendants Coqui Check Cashing, Inc. and JCG Check Cashing, Inc. might be considered a "joint employer." (See Tr. 6, 13.) Plaintiffs stated that they did not plead additional allegations supporting a joint-employer claim because they had not been able to verify certain facts in the absence of any discovery.[1] (Id. at 13.)

In his R&R, Judge Gold found that Defendants' Motion is primarily based upon (1) factual assertions that have not been tested in discovery, which has been stayed pending resolution of Defendants' Motion, and (2) pleading deficiencies that Plaintiffs could likely correct if granted leave to amend. (R&R 1.) Judge Gold also reasoned that granting Plaintiffs leave to amend would not cause Defendants "substantial prejudice" because there has not yet been any discovery and because the case is not otherwise ready for trial. (Tr. 30-31.)

Defendants submitted timely objections to Judge Gold's R&R. (Objections (Docket Entry # 46).) They argue that granting Plaintiffs leave to take limited discovery and amend their complaint would force to them to incur significant litigation expenses beyond those already incurred in preparing a fully-briefed motion. (Id. at 5.) Defendants also seek attorney fees and costs incurred "in having to respond to repeated Complaints." (Id.) They claim that "Plaintiffs have had, and squandered, opportunities to 'get it right,' and all of their failures have been at [their] expense." (Id.) Defendants seek an order granting their Motion at this time, "for the reasons and extensive briefing set forth in" their Motion. (Id.)

---

[1] Plaintiffs amended their complaint once, as a matter of course, after Defendants discussed their anticipated arguments at a pre-motion conference before this court. (See Docket Entry dated May 20, 2009.)

2

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the court reviews de novo the portions of the R&R to which the parties have objected. Portions of the R&R to which the parties have not objected are reviewed for clear error. See Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001).

## III. DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), and should not be denied "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," Foman v. Davis, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Id.

Under this standard, Defendants' objections are without merit. Although a party's "repeated failure to cure deficiencies by amendments previously allowed" may foreclose a party from further amending its complaint, id., amending a pleading as a matter of course under 15(a)(1) should not by itself prevent a party from later seeking leave to amend under Rule 15(a)(2)'s liberal standard. Plaintiffs amended once, as of right, and may have had sufficient opportunity to amend their complaint before Defendants prepared their Motion, but the record does not show that Plaintiffs repeatedly submitted deficient pleadings. Plaintiffs' failure to cure all the deficiencies identified in their compliant at an earlier date does not rise to the level of a

3

"repeated failure" to cure.[2] If Plaintiffs can allege facts to support their claims, they "ought to be afforded an opportunity to test [those] claim on the merits." Foman, 371 U.S. at 182.

Granting Plaintiffs leave to amend also will not unduly prejudice Defendants. As noted at oral argument, discovery has been stayed pending Defendants' Motion to dismiss "and/or" for partial summary judgment. The parties have not yet exchanged automatic disclosures under Federal Rule of Civil Procedure 26 or taken any depositions. The court appreciates that Defendants have incurred litigation expenses in responding to Plaintiffs' complaint, but permitting Plaintiffs limited discovery in connection with Defendants' Motion for summary judgment, is not a burden that should prevent Plaintiffs from amending their complaint.

## IV. CONCLUSION

For the foregoing reasons, the court adopts Magistrate Judge Gold's R&R. (Docket Entry # 43.) Accordingly, Defendants' Motion (Docket Entry # 32) is denied without prejudice to renew and Plaintiffs are granted leave to amend their complaint, in accordance with Judge Gold's scheduling order, to account for the issues raised at oral argument. The court reserves decision on Defendants' request for attorney fees.

On July 21, 2010, Judge Gold issued a supplemental R&R recommending that if the court grants Plaintiffs leave to amend their complaint, it also grant them leave to assert a claim under N.Y. Labor Law § 215(2), including factual allegations that they served notice under that section. (Docket Entry # 49.) The parties raised this issue during oral argument before Judge Gold. (Tr. 27.) Because the court adopts Judge Gold's original recommendation in its entirety, Judge

---

[2] As a matter of efficiency, it would have been preferable for Plaintiffs to amend their complaint before Defendants submitted a fully-briefed motion to the court.

4

Gold's supplemental R&R is moot in light of this Order.

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge